IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 05-cv-00757-LTB-CBS

MICHELE HAMILTON and
LARRY HALL,

       Plaintiffs

v.

MATRIX LOGISTICS, INC.,
TIBBETT & BRITTEN GROUP NORTH AMERICA, INC.,
ROBERT DODSON, and
FRANK AYALA,

       Defendants.

_____

ORDER
_____

       This case is before me on Defendants' Amended Motion for Partial Dismissal of Plaintiffs' Second Amended Complaint.  Oral argument would not materially assist in determination of the motion.  After consideration of the motion, related pleadings, and the case file, I grant the motion in part and deny it in part for the reasons set forth below.

## I.  Background

       Plaintiffs, a married couple, are former employees of Defendant Matrix Logistics, Inc. ("Matrix") and/or Defendant Tibbett & Britten Group North America, Inc. ("T&B").  Plaintiff Michele Hamilton ("Hamilton") alleges that she was sexually harassed by Defendants Robert Dodson ("Dodson") and Frank Ayala ("Ayala") during the course of her employment with Matrix and/or T&B.  Plaintiff Larry Hall "(Hall") alleges that his employment with Matrix and/or T&B was terminated in retaliation for his assistance in Hamilton's pursuit of a sexual harassment claim

with the Equal Employment Opportunity Commission (the "EEOC") under the pretextual reasons that he had sexually harassed a male co-worker and falsified company records regarding this alleged harassment.  Based on these principal allegations, Plaintiffs have asserted a number of federal and state law claims.  By the motion, Defendants seek to dismiss the following claims by Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6): (1) Hall's claim for intentional infliction of emotional distress; (2) Hall's claim for civil conspiracy; and (3) Hamilton's claim for violation of the Colorado Organized Crime Control Act ("COCCA"), C.R.S. § 18-17-101, *et seq*.  Defendants also seek to strike Plaintiffs' request for punitive damages from their prayer for relief.

## II.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied.  *Id*.  In reviewing the sufficiency of the complaint, all well-pled facts, as opposed to conclusory allegations, must be taken as true and all reasonable inferences must be liberally construed in the plaintiff's favor.  *Weiszmann v. Kirkland & Ellis*, 732 F. Supp. 1540, 1543 (D. Colo. 1990).

## III.  Analysis

### A.  Plaintiff Hall's Claim for Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, Hall must allege (1) that Defendants engaged in extreme and outrageous conduct; (2) that Defendants engaged in such conduct recklessly or with the intent of causing him severe emotional distress; and (3) that he in

2

fact suffered severe emotional distress as a result of Defendants' conduct.  *Culpepper v. Pearl St. Bldg., Inc.,* 877 P.2d 877, 882 (Colo. 1994).  In support of the dismissal of Hall's claim for intentional infliction of emotional distress, Defendants argue that the allegations in Plaintiffs' Second Amended Complaint fail to establish the element of extreme and  outrageous conduct directed at Hall as a matter of law.  I disagree.

"Although the question of whether conduct is outrageous is generally one of fact to be determined by a jury, it is first the responsibility of the court to determine whether reasonable persons could differ on this issue."  *Culpepper*, *supra*, 877 P.2d at 883.  "Outrageous conduct" is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious , and utterly intolerable in a civilized society." *Culpepper, supra,* 877 P.2d at 882  (*quoting Destefano v. Grabrian,* 763 P.2d 275, 286 (Colo. 1988)).  In cases involving wrongful termination, the plaintiff must allege that the manner of his discharge was sufficiently outrageous to rise to the level of outrageous conduct.  *Bigby v. Big 3 Supply Co.,* 937 P.2d 794, 800 (Colo. App. 1996).

Here, Hall alleges that Defendants' conduct in terminating his employment based on false allegations that he had sexually harassed a male co-worker when the real reason for his termination was retaliation for his assistance in his wife's pursuit of a sexual harassment claim against Defendants was extreme and outrageous.  I conclude that a jury could find that these actions, if proven, constitute extreme and outrageous conduct under Colorado law and therefore deny Defendants' motion with respect to Hall's claim for intentional infliction of emotional distress.

3

**B. Plaintiff Hall's claim for civil conspiracy**

To state a claim for civil conspiracy, Hall must allege (1) an object to be accomplished; (2) an agreement by two or more persons on a course of action to accomplish that object; (3) in furtherance of that course of action, one or more unlawful acts which were performed to accomplish a lawful or unlawful goal, or one or more lawful acts which were performed to accomplish an unlawful goal; and (4) damages. *Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l. L.L.C.,* 97 P.3d 140, 146 (Colo. App. 2003). In support of the dismissal of Hall's claim for civil conspiracy, Defendants argue that he has failed to allege with particularity any overt act by the alleged co-conspirators to accomplish the object of the alleged conspiracy. I agree.

In support of his claim for civil conspiracy, Hall alleges that Defendants agreed to engage in a course of action to coerce Hamilton to have sexual relations with Dodson and to subsequently cover-up their actions by obstructing Hamilton's pursuit of her sexual harassment claim with the EEOC. Hall further alleges that in furtherance of this objective, Defendants unlawfully retaliated against him and unlawfully engaged in extreme and outrageous conduct in terminating his employment. Hall does not allege, however, that either Dodson or Ayala had any involvement in his termination. This deficiency is fatal to Hall's claim for civil conspiracy against these Defendants. *See Nelson v. Elway,* 908 P.2d 102, 106-7 (Colo. 1995) (rejecting civil conspiracy claim on the basis that there was no allegation that parties against whom the claim was asserted committed or participated in the commission of an unlawful overt act).

In the absence of a valid civil conspiracy claim against Dodson or Ayala, Hall's conspiracy claim against Matrix and T&B must also fail. In support of these parties' liability for civil conspiracy, Hall alleges that they have "primary or secondary liability" for the actions of Dodson

4

and Ayala based on principles of agency law and the legal theory of respondeat superior.
Therefore, if neither Dodson or Ayala has any liability on Hall's claim for civil conspiracy, then
neither can Matrix or T&B.  Accordingly, Hall fails to state a claim for civil conspiracy against
any of the Defendants.

**C.  Plaintiff Hamilton's claim for violation of COCCA**

 Hamilton asserts that Defendants' alleged sexual harassment and physical assaults on her
in furtherance of their purported objective to coerce her into having sexual relations with Dodson
constitute violations of Sections 18-17-104(3) & (4), C.R.S., of COCCA.  Section 18-17-104(3)
makes it unlawful for any person employed by, or associated with, any enterprise to knowingly
conduct or participate, directly or indirectly, in such enterprise through a "pattern of racketeering
activity."  Section 18-17-104(4) makes it unlawful for any person to conspire to violate other
subsections of Section 18-17-104, including Section 18-17-104(3).  Thus, in order to state a claim
under Sections 18-17-104(3) & (4) of COCCA, Hamilton must allege that Defendants conspired
to, and did in fact, engage in a "pattern of racketeering activity" as this term is defined under
COCCA.  This Hamilton cannot do.

 Section 18-17-103(3) of COCCA defines "pattern of racketeering activity" as engaging in
two or more acts of racketeering activity which are *related to the conduct of the enterprise.*
Here, the alleged acts, ie. sexual harassment and physical assaults, are in no way related to the
business operations of Matrix and/or T&B.  Rather, the sole purpose of these alleged acts was to
advance Dodson's personal interest in Hamilton.  As such, Hamilton's allegations cannot satisfy
COCCA's definition of "pattern of racketeering activity."  *See People v. Chaussee,* 880 P.2d
749, 760-1 (Colo. 1994) (where apparent purpose of alleged predicate acts was to protect

defendant from personal liability, said acts were not related to the conduct of the enterprise).   Her

claim for violation of this statute must therefore fail as a matter of law.

**D.  Plaintiffs' Request for Punitive Damages**

Relying on C.R.S. § 13-21-102(1.5)(a), Defendants argue that Plaintiffs' request for

punitive damages in their prayer for relief is premature and should be stricken.  Plaintiffs correctly

point out, however, that this provision dictates procedural requirements in state court and does

not apply in this action.  Accordingly, Defendants are not entitled to have Plaintiffs' request for

punitive damages stricken on the basis of this statute.

IT IS THEREFORE ORDERED as follows:

1.  Defendants' Amended Motion for Partial Dismissal of Plaintiffs' Second Amended

Complaint [Doc # 35] is GRANTED insofar as it seeks the dismissal of Plaintiff Hall's claim for

civil conspiracy (Eighth Claim for Relief) and Plaintiff Hamilton's claim for violation of COCCA

(Tenth Claim for Relief); and

2.  Defendants' Amended Motion for Partial Dismissal of Plaintiffs' Second Amended

Complaint is DENIED insofar as it seeks the dismissal of Plaintiff Hall's claim for intentional

infliction of emotional distress (Twelfth Claim for Relief) and to strike Plaintiffs' request for

punitive damages.

Dated: February __9__, 2006 in Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE